# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-65-MR-DCK

| | |
|---|---|
| THEODORE J. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF EDDIE CATHY, et al., )<br>)<br>Defendants. )<br>) | **REVISED MEMORANDUM<br>AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Complaint (Document No. 1) filed February 20, 2008, alleging civil rights violations under 42 U.S.C. §§ 1983 and 1985. On April 17, 2008, the Honorable Martin Reidinger, by Order (Document No. 6), determined that Plaintiff was qualified to proceed in this action *in forma pauperis* ("IFP"). Also by that Order, Judge Reidinger requested that the undersigned Magistrate Judge make a screening pursuant to 28 U.S.C. § 1915(e). After careful consideration of the record and applicable authority, the undersigned will recommend that this case be <u>dismissed</u> pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendants conspired to deny his Constitutional rights, and specifically, that on or about April 19-20, 2004, he was unlawfully detained, physically assaulted and denied medical treatment. Plaintiff previously brought these same allegations in another suit in this district, before the Honorable Graham C. Mullen - <u>Williams v. Stewart et al.</u>, 3:06-CV-154. In that case, Judge Mullen dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Williams v. Stewart et al., 3:06-CV-154, 2007 WL 1575271 at *2 (W.D.N.C. 2007). Judge Mullen determined that Plaintiff, who was at that time incarcerated, was in violation of the three strikes provision of 28 U.S.C. § 1915(g). Plaintiff subsequently filed a "Motion To Reconsider And Reopen Based On Newly Developed Information" (Document No. 57) in the 3:06-CV-154 case on November 14, 2007. Although the motion to reconsider and reopen is still pending before Judge Mullen, Plaintiff filed the instant action on February 20, 2008, reasserting the same claims and identifying most of the same Defendants.

"Under 28 U.S.C.A. § 1915(e), which governs IFP filings, in addition to complaints filed by prisoners, a district court must dismiss an action the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). It is the undersigned's view that Plaintiff's filing of *this* action was untimely and thus he has failed to state a claim upon which relief can be granted. "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). Furthermore, there is a "three year statute of limitations applicable to §§ 1983 and 1985 causes of action." Wilkerson v. Thrift, 124 F.Supp.2d 322, 328 (W.D.N.C. 2000).

Plaintiff's current Complaint is based on alleged violations of his Constitutional rights he claims occurred on, and/or before, April 19-20, 2004. The instant action, however, was not filed until nearly four years later, on February 20, 2008, beyond the applicable three year of statute of

limitations.

**IT IS, THEREFORE, RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Consolidate" (Document No. 2) should be **DENIED AS MOOT**.

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin K. Reidinger.

**IT IS SO RECOMMENDED**.

Signed: April 28, 2008

David C. Keesler
United States Magistrate Judge