# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:08CV65

| | |
|---|---|
| **THEODORE J. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **SHERIFF EDDIE CATHY,** *et. al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's

Memorandum and Recommendation, [Doc. 7, filed April 28, 2008], and his

Revised Memorandum and Recommendation. [Doc. 8, filed April 28, 2008].

On April 17, 2008, the undersigned granted the Plaintiff's application

for leave to proceed without the pre-payment of fees. [Doc. 6]. In the

context of that Order, however, the undersigned requested that the

Magistrate Judge conduct a pre-filing screening to address whether the

proposed complaint was legally and factually sufficient to be filed.[1]

---

[1]"Under 28 U.S.C.A. §1915(e), which governs IFP [*in forma pauperis*] filings in
addition to complaints filed by prisoners, a district court must dismiss an action that the

1

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge David C. Keesler conducted a pre-filing screening and submitted to this Court his recommendation that the cause of action at hand be dismissed as time-barred.[2]

In the Memorandum and Recommendation, the Plaintiff was advised that any objections to the Magistrate Judge's findings were to be filed in writing within 10 days of service of the Recommendation. Taking into account Federal Rule of Civil Procedure 6, the period within which to file objections expired on May 15, 2008. On May 20, 2008, the Plaintiff filed an Objection to Magistrate Judge's Memorandum and Recommendation [Doc. 9]. The objection is untimely and therefore, the Court is not required to conduct a *de novo* review of the Memorandum and Recommendation.

The Plaintiff has been a prolific *pro se* litigant in the federal courts of North Carolina. In 1997, the Plaintiff brought an action in this District, Williams v. Walker, 4:97cv168, seeking relief pursuant to 42 U.S.C. §1983.

_____

court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006).

[2]The issue of the statute of limitations may be raised by the court *sua sponte* when conducting a pre-filing screening pursuant to §1915. Erilline Co., S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006).

The District Court's order denying relief was affirmed on appeal. Williams v. Walker, 1 Fed.Appx. 187 (4th Cir. 2001).

In 1999, the Plaintiff brought an action in the Eastern District of North Carolina, Williams v. Jarvis, 5:99cv25, seeking relief pursuant to 42 U.S.C. §1983. The District Court's order denying relief was affirmed on appeal. William v. Jarvis, 181 F.3d 95 (4th Cir. 1999), *petition for certiorari denied* 528 U.S. 1024, 120 S.Ct. 538, 145 L.Ed.2d 417 (1999).

In 2004, the Plaintiff brought another §1983 action in the Middle District of North Carolina, Williams v. McIntyre, 1:04cv404. In that case, the Plaintiff claimed he suffered unconstitutional conditions of confinement in the Stanly County Detention Facility beginning in November 2003. In August 2005, a Magistrate Judge recommended that all claims with one exception be dismissed. Williams v. McIntyre, 2005 WL 2136929 (M.D.N.C. 2005).

In 2005, the Plaintiff brought another action in the Middle District of North Carolina, Williams v. Speights, 1:05cv863, seeking relief pursuant to 42 U.S.C. §1983 against Stanly County officials. In 2006, this action was consolidated with 1:04cv404 and, according to the Plaintiff, the consolidated action remains pending. [Doc. 2, filed February 20, 2008];

<u>Williams v. Speights</u>, 2006 WL 3761997.

In 2006, the Plaintiff brought a third action in the Middle District of North Carolina, <u>Williams v. Vlahos</u>, 1:06cv383, which was dismissed in June 2006.  <u>Williams v. Stewart</u>, 2007 WL 1575271 (W.D.N.C. 2007).

Also in 2006, the Plaintiff brought an action in this District seeking relief pursuant to 42 U.S.C. §1983.  <u>Williams v. Stewart</u>, 3:06cv154.  That action was dismissed because the Plaintiff was in violation of the Prisoner Litigation Reform Act, 28 U.S.C. §1915(g).  <u>Williams</u>, <u>supra</u>.  The dismissal was without prejudice.

This action, again seeking relief pursuant to §1983, was brought on February 20, 2008 alleging an injury within this District on April 19 and 20, 2004.  Because there is no statute of limitations provided in 42 U.S.C. §1983, federal courts apply the forum state's most analogous statute of limitations, personal injury.  <u>Wallace v. Kato</u>,  __ U.S. __, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); <u>Owens v. Okure</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  In North Carolina, the statute of limitations for personal injury; and thus, for a §1983 action, is three years.  N.C.G.S. §1-52; <u>Love v. Alamance County Bd. of Educ.</u>, 757 F.2d 1504, 1506 (4th Cir. 1985).  The date on which the cause of action accrues, however, is

determined under federal law.  <u>Wallace</u>, <u>supra</u>.; <u>National Adver. Co. v. City of Raleigh</u>, 947 F.2d 1158, 1162 (4th Cir. 1991), *certiorari denied* 504 U.S. 931, 112 S.Ct. 1997, 118 L.Ed.2d 593 (1992).  A cause of action accrues under federal law and the statute of limitations begins to run "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  <u>Nasim v. Warden, Me. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995), *certiorari denied* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996).  The Plaintiff's past filings of §1983 actions make clear that he is capable of recognizing facts which would amount to such harm.

In this action, there is only one event alleged which falls within the venue of the Western District of North Carolina.[3]  The Plaintiff alleges that on April 19, 2004, he was transported from the Stanly County Detention Facility, where he was being held on charges, to the Union County Jail without any reason.[4]  During the early morning hours of April 20, 2004, he

---

[3]The other events alleged in the complaint relate to facts arising in Stanly County which is not located within the Western District of North Carolina.  Moreover, according to the language of the complaint, those allegations are the subject of the already pending consolidated action in the Middle District of North Carolina.  In any event, this is the improper venue for any such allegations.  28 U.S.C. §1391(b).

[4]Union County is within the Western District of North Carolina.

claims he was subjected to mace and excessive force and was denied medical care.  After being in the Union County Jail less than 24 hours, he was returned to Stanly County.  The Court finds that as of April 20, 2004, the Plaintiff was clearly in possession of sufficient facts that reasonable inquiry would have revealed his cause of action.

As noted, the Plaintiff initiated this action on February 20, 2008.  The statute of limitations for this claim expired on April 20, 2007.  The Plaintiff argues that his previously filed action, Williams v. Stewart, 3:06cv154, tolls the statute of limitations.  That action was filed on April 3, 2006 and contains allegations relating to this incident.  The issue, therefore, is whether the May 30, 2007 dismissal without prejudice of that action as violating 28 U.S.C. §1915 saves the action from being time barred.

When a federal cause of action is governed by a state's statute of limitations, federal courts should use state tolling provisions.  Wright v. Durham County Jail and Staff, 2002 WL 737730 (M.D.N.C. 2002), *citing* Beck v. Caterpillar, Inc., 50 F.3d 405 (7th Cir. 1995); SouthStar Funding, L.L.C. v. Warren, Perry & Anthony, 445 F.Supp.2d 583 (E.D.N.C. 2006).  North Carolina Rule of Civil Procedure 41(b) provides in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section ...  operates as an adjudication upon the

merits.  If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it *may* also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

N.C.G.S. §1A-1, Rule 41(b) (emphasis provided).

Rule 41(b) "provides that a new action may be filed within a year of an involuntary dismissal of a timely first action *if the court so specifies* and if the court specifies that the dismissal of the first action was without prejudice."  Burgess v. Equilink Corp., 652 F.Supp. 1422 (W.D.N.C. 1987), *affirmed* 828 F.2d 17 (4th Cir. 1987), *quoting* Evans v. Chips, 56 N.C.App. 232, 236, 287 S.E.2d 426 (1982).; *accord* 84 Lumber Co. v. Barkley, 120 N.C.App. 271, 272, 461 S.E.2d 780, 782 (1995).  In fact, it is the [5]"[plaintiff's] responsibility to convince the ... court[] to include in the order or opinion a statement specifying that plaintiff had an additional year to refile."  Clark v. Velsicol Chem. Corp., 110 N.C.App. 803, 809, 431 S.E.2d 227, 230 (1993), *affirmed per curiam* 336 N.C. 599, 444 S.E.2d 223 (1994).  Where a civil action has been involuntarily dismissed without prejudice, the plaintiff will not be entitled to additional time to refile where

_____

[5] Under NCRCivP Rule 41(a), if a plaintiff voluntarily dismisses his action without prejudice he will automatically be entitled to refile within one year.  That provision, however, does not apply here because the dismissal was by the Court.

the order did not also specify that he was so entitled.  Harter v. Vernon,
139 N.C.App. 85, 89, 532 S.E.2d 836, 839 (2000), *appeal dismissed and
disc. review denied* 353 N.C. 263, 546 S.E.2d 97 (2000), *certiorari denied*
532 U.S. 1022, 149 L.Ed.2d 757 (2001); Jarman v. Washington, 93
N.C.App. 76, 78, 376 S.E.2d 252, 253 (1989).

In the earlier case, 3:06cv154, Judge Mullen specified that the
dismissal was without prejudice but he did not specify that a new action
could be brought within a year of dismissal.  Williams, 2007 WL 1575271.
Indeed, his decision took care to detail the extent of the Plaintiff's prolific
and often frivolous filings.  The Court concludes that as a result of Judge
Mullen not specifying a further time within which the Plaintiff could refile
that the statute of limitations was not tolled and this action is time-barred.
To the extent that the Plaintiff may have pled claims within this action that
occurred in Stanly County and which may not be time-barred, the Court will
not entertain those claims because they have been brought in the wrong
venue.  To the extent that the Plaintiff seeks consolidation of any such
claims with the pending consolidated action in the Middle District of North
Carolina, his request is denied.  The pleadings placed before this Court
contain numerous statements by the Plaintiff that these claims are already

the subject of that action.  Thus, any further consolidation would be moot.

Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the action is time-barred.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint may be filed but summons shall not issue.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Consolidate, [Doc. 2] is hereby **DENIED** as moot.

Signed: June 2, 2008

Martin Reidinger
United States District Judge